**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

MICHAEL J. THOMPSON, *et al.*,

    Plaintiffs,

v.                                                                                                        Case No. 07-CV-1047

RETIREMENT PLAN FOR EMPLOYEES
OF S.C. JOHNSON & SONS, INC., and
RETIREMENT PLAN FOR EMPLOYEES
OF JOHNSONDIVERSEY, INC.,

    Defendants.

ANTHONY J. DECUBELLIS,

    Plaintiff,

v.                                                                                                        Case No. 08-CV-0245

RETIREMENT PLAN FOR EMPLOYEES
OF JOHNSONDIVERSEY, INC.,

    Defendant.

## ORDER

**I.    INTRODUCTION**

On March 17, 2008, Plaintiff Anthony Decubellis ("Decubellis") filed a class action complaint against the Retirement Plan for Employees of JohnsonDiversey, Inc. ("the JDI Plan"), alleging claims pursuant to the Employee Retirement Income Security Act of 1974 (ERISA). On April 11, 2008, Decubellis filed a motion to deem certain allegations of the complaint admitted or to compel the defendant to replead. In response, the JDI Plan filed an amended answer. On May 9, 2008, the court

consolidated Decubellis' case with a second class action filed against the JDI Plan and an additional defendant, the Retirement Plan for Employees of S.C. Johnson & Son, Inc. In its order, the court specified that the pending motions in each case, including Decubellis' motion to deem allegations of the complaint as admitted, would be addressed after consolidation.[1] Following consolidation, Decubellis filed a second motion to deem certain allegations of the JDI Plan's amended answer admitted. This motion is now before the court.

For the reasons stated below, the court will deny Decubellis' motion to deem certain allegations admitted. However, the court will strike the JDI Plan's responses to paragraphs 11, 12, 14, and 15 of the complaint and will allow the defendant to file an amendment to cure the defects identified by the court.

## II. ANALYSIS

Federal Rule of Civil Procedure 8 requires a defendant responding to a complaint to "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). An allegation of the complaint is admitted if "a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). However, in addition to denial or admission, the rule permits a third type of response. A party may respond that it "lacks knowledge or information sufficient to form a belief about the truth of an allegation," which has the effect of a denial. Fed. R. Civ. P.

---

[1] "...plaintiffs assert that consolidating for all purposes would cause disruption because a motion to dismiss is pending in Case No. 07-CV-1047 and a motion to deem certain allegations in the complaint is pending in Case No. 08-CV-245. The court concludes that the cases should be consolidated even though they have separate and different motions pending. Those motions can be addressed after the cases are consolidated without disruption to the proceedings. *Decubellis v. Retirement Plan for Employees of JohnsonDiversey Inc.*, Case No. 08-C-0245, Order dated May 9, 2008 (Docket # 37).

8(b)(5). Therefore, the rule permits only three possible responses to a complaint: 1) outright admission; 2) outright denial; or 3) a disclaimer statement in compliance with Rule 8(b)'s provision for lack of knowledge or information as the basis for a deemed denial. *See Hotel Emples. & Restaurant Emples. Int'l Union Welfare Fund v. Aramark Servs., Inc.*, No. 99 C 5726, 1999 U.S. Dist. LEXIS 17375 (N.D. Ill., Nov. 4, 1999), at *2; *Duff v. Reiser*, No. 94 C 4693, 1995 U.S. Dist. LEXIS 3946, at *2 (N.D. Ill. Mar. 27, 1995); *Mid-Continent Resource Recovery v. Shred Pax Corp.*, No. 94 C 6689, 1995 U.S. Dist. LEXIS 179, at *1 (N.D. Ill., Jan. 4, 1995); *Cagan v. Intervest Midwest Real Estate Corp.*, No. 90 C 4941, 1990 U.S. Dist. LEXIS 14994, at *1 (N.D. Ill. Oct. 12, 1990).

Rule 8 does not permit a defendant to respond only by stating that the plaintiff's allegations "constitute conclusions of law." *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 278 (N.D. Ill. 2001) ("Another regular offender is the lawyer who takes it on himself or herself to decline to respond to an allegation because it 'states a legal conclusion.' That of course violates the express Rule 8(b) requirement that *all* allegations must be responded to."); *See also Hotel Emples. & Restaurant Emples.*, 1999 U.S. Dist. LEXIS 17375, at *2. Indeed, legal conclusions are an "integral part of the federal notice pleading regime." *Id*; *See also Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995) ("...a plaintiff in a suit in federal court need not plead facts, he can plead conclusions."). Therefore, legal conclusions must be addressed in one of the three ways contemplated by Rule 8.

Similarly, Rule 8 does not permit a defendant to respond that the document "speaks for itself." *State Farm Mut. Auto. Ins. Co.*, 199 F.R.D. at 279. This prohibition applies even if the "document speaks for itself" response is suggested instead of stated explicitly. *Rudzinski v. Metropolitan Life Ins. Co.*, Case No. 05 C 0474, 2007 U.S. Dist. LEXIS 75668, at *10-11 (N.D. Ill., Oct. 4, 2007) (stating that a defendant may not simply employ "summarizing language" and then state, "essentially, that the terms of the referenced documents speak for themselves."). Such a response is inadequate.

Decubellis urges the court to deem specific allegations in his complaint admitted because the JDI Plan's responses are legally inadequate under Rule 8 of the Federal Rules of Civil Procedure. Specifically, Decubellis asserts that allegations contained in paragraphs 10 through 15 of his complaint should be admitted because the defendant failed to deny them in accordance with Rule 8.[2] Decubellis first argues that the JDI Plan's responses which state that his allegations "contain a legal conclusion to which no response is required" do not constitute responses recognized by Rule 8. He next alleges that the JDI Plan's responses denying the complaint's "characterization" of ERISA, case law, or other regulatory authority are not recognized responses either. Finally, Decubellis argues that the JDI Plan's responses claiming insufficient information to form a belief as to the

---

[2]Decubellis asserts in the introduction section of his motion that the JDI Plan violated Rule 8 in "16 of 30 instances." (Pl.'s Br., p. 3). He also identifies improper denials to Paragraphs 18, 21, 25 and 26. (Pl.'s Br., p. 5 n.2). However, Decubellis later states that "The allegations which are the subject of this motion that the JDI Plan failed to deny or properly deny in accordance with Rule 8 are set forth below..." (Pl.'s Br., p. 8). He then makes specific arguments about the defendant's responses to Paragraphs 10 through 15. (Pl.'s Br., pp. 8-22). Therefore, the court addresses only responses to those paragraphs in its decision.

-4-

allegations should be admitted because the matters alleged were clearly within the defendant's knowledge or were easily accessible.

In response, the JDI Plan first argues that Decubellis' motion is moot because the court consolidated his case with a second case, effectively subsuming Decubellis' case within the second, governing action. Second, the JDI Plan argues that Decubellis' motion is untimely under Rule 12(f), which is the proper procedural vehicle for challenging the sufficiency of its answer. Finally, the JDI Plan asserts that Decubellis' specific objections lack merit.

The court finds that the responses the JDI Plan provided to paragraphs 10, 11, 14 and 15 of the complaint are not permitted under Rule 8. They fail to either admit, deny, or claim insufficient knowledge or information to form a belief about the truth of an allegation. Fed. R. Civ. P. 8. However, the court deems the responses to paragraphs 12 and 13 sufficient to meet the requirements of Rule 8. The court will address each contested response in turn.

### a. Response to Paragraph 10

The JDI Plan's response to Paragraph 10 fails to either admit or deny the plaintiff's allegations in the first sentence. Instead, the defendant alters Decubellis' sentence to omit the phrase "at the same time as the corresponding pay credits to which the Earnings Credits relate" and then admits the "edited" version of the allegation. In response to the plaintiff's second sentence, the JDI Plan impermissibly claims that the allegation is a legal conclusion "to which no response is required." The defendant's pleading does not constitute one of the three permissible responses

contemplated by Rule 8 because it does not fully admit or deny the plaintiff's allegation and it claims that no response is required for a legal conclusion. *State Farm Mut. Auto. Ins. Co.*, 199 F.R.D. at 278; *See Hotel Emples. & Restaurant Emples.*, 1999 U.S. Dist. LEXIS 17375, at *2. Therefore, the response is insufficient and the court will strike this portion of the pleading.

### b. Response to Paragraph 11

The JDI Plan's response to Paragraph 11 is similarly insufficient. The defendant fails to deny the complaint's allegations, but rather, criticizes the "characterization" of the legal requirements as one to which "no response is required." (Am. Answer, p. 5). As stated above, this response is not permitted under Rule 8. Decubellis alleges that this phrasing is an indirect manner of claiming the document "speaks for itself," which the JDI Plan used in its initial Answer. The plaintiff correctly asserts that such a response is not permitted, either explicitly or implicitly. *See State Farm Mut. Auto. Ins. Co.*, 199 F.R.D. at 279; *Rudzinski*, 2007 U.S. Dist. LEXIS 75668, at *10-11.

In addition, the defendant fails to either admit or deny any of the following: a) whether the Plan failed to perform a "whipsaw calculation"; b) whether a "whipsaw" calculation is required; c) whether a cash balance plan must project the balance of the participant's cash balance account forward at a rate that includes an estimate of credits the participant would have earned if he had left his benefit in the plan until normal retirement age; and d) whether the Plan uses a variable, above-market, equity-based crediting rate. Therefore, the court will strike the JDI Plan's response.

-6-

### c. Response to Paragraph 12

The court finds that the JDI Plan's response to paragraph 12 meets the requirements of Rule 8. The defendant responds to the allegations by admitting one assertion, denying a second assertion, and claiming a lack of "knowledge or information sufficient to form a belief" on the final assertion. Decubellis argues that the JDI Plan has the information or knowledge necessary to form a belief because it is a "$160 million plan with some of the most sophisticated actuaries in the country." (Pl.'s Br., p. 17). However, the response meets Rule 8's requirements and the court cannot determine on the basis of the pleadings that the defendant can definitely "form a belief." Therefore, the court finds the response to be sufficient.

### d. Response to Paragraph 13

The court similarly finds that the JDI Plan's response to paragraph 13 meets Rule 8's requirements. The defendant employs permitted responses, including admission, denial, and assertions that it lacks knowledge or information sufficient to form a belief. Decubellis challenges the response's validity simply by claiming that the Plan "obviously" has the required knowledge or information. The court finds this basis unconvincing. Given the nature of the JDI Plan's response, the court finds it to be adequate.

### e. Response to Paragraph 14

The JDI Plan's response to the allegations included in paragraph 14 does not constitute a permissible response under Rule 8. The defendant responds by claiming that the plaintiff's characterization of IRS Notice 96-8 "states a legal

-7-

conclusion to which no response is required." (Am. Answer, p. 7). As noted above, legal conclusions are properly part of the federal notice pleading regime. *Hotel Emples. & Restaurant Emples.*, 1999 U.S. Dist. LEXIS 17375, at *2. All allegations require a response permitted by Rule 8, including legal conclusions. Accordingly, the court will strike the defendant's response to paragraph 14.

### f. Response to Paragraph 15

Finally, the court finds that the JDI Plan's response to paragraph 15 fails to meet the requirements of Rule 8. The defendant contends that Decubellis' "characterization and paraphrase" of particular ERISA sections, Internal Revenue Code sections, and Treasury Regulations are "legal conclusions to which no response is required." (Am. Answer, p. 8). This response is not permitted by Rule 8 and the court will strike it.

The court will briefly address the JDI Plan's procedural arguments regarding the sufficiency of its responses. The JDI Plan asserts that the court need not address Decubellis' motion to deem certain allegations as admitted because the case was consolidated with a second, governing action. However, the court notes that its May 9, 2008 order consolidating the cases specifically stated that the court would address the motion following consolidation of the proceedings. Having made this statement, the court will not now deny the motion as moot or decline to decide the motion to conserve judicial resources.

The JDI Plan also asserts that Decubellis' motion is properly viewed as a motion to strike under Federal Rule of Civil Procedure 12(f); rendering the plaintiff's

-8-
Case 2:07-cv-01047-JPS   Filed 12/22/08   Page 8 of 10   Document 72

motion untimely. However, Decubellis seeks to have the responses deemed admitted under Rule 8; he does not seek to have the responses stricken. Further, Rule 12 permits the court to strike portions of a party's pleading on its own initiative. *See* Fed. R. Civ. P. 12(f)(1).

## III. CONCLUSION

The court finds that the JDI Plan's responses to paragraphs 10, 11, 14, and 15 of the complaint are impermissible pleadings under Rule 8 because they do not constitute any of the following: a denial; an admission; or a claim that the defendant lacks knowledge or information sufficient to form a belief. The plaintiff urges the court to deem the allegations in these paragraphs admitted. However, the court determines that striking the aforementioned responses and granting the defendant leave to file an amendment to its answer is the appropriate result. A similar approach has been used by other district courts in the 7th Circuit. *Hotel Emples. & Restaurant Emples.*, 1999 U.S. Dist. LEXIS 17375, at *1-2 (court strikes portions of answer that do not comply with Rule 8(b), but does so "with leave to replead, of course."); *Duff*, 1995 U.S. Dist. LEXIS 3946, at *7 (court strikes entire answer due to the number of paragraphs needing revision but grants leave to file a self-contained Amended Answer); *Mid-Continent Resource Recovery*, 1995 U.S. Dist. LEXIS 179, at *4 (court strikes answer that includes responses in violation of Rule 8(b) and allows the defendant to file a self-contained Amended Answer); *Cagan*, 1990 U.S. Dist. LEXIS 14994, at *4 (court strikes portions of answer that do not comply with Rule 8(b) and orders defendant to file an "appropriate amendment to

-9-

Case 2:07-cv-01047-JPS   Filed 12/22/08   Page 9 of 10   Document 72

cure the defects identified in this opinion..."). Further, granting the JDI Plan leave to replead will allow a proper determination on the merits of the case.

Accordingly,

**IT IS ORDERED** that the plaintiff's Renewed Motion to Deem Certain Allegations of the March 17, 2008 Complaint Admitted (Docket #43) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the defendant's responses to paragraphs 11, 12, 14, and 15 of its Amended Answer be and the same are hereby **STRICKEN**; and

**IT IS FURTHER ORDERED** that the defendant shall file an amendment to its Amended Answer that addresses the defects identified in the Court's order on or before **January 12, 2009**.

Dated at Milwaukee, Wisconsin, this 22nd day of December, 2008.

BY THE COURT:

*[signature]*

J.P. Stadtmueller
U.S. District Judge
