**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

MICHAEL J. THOMPSON, *et al.*,

        Plaintiffs,

v.                                     Case No. 07-CV-1047

RETIREMENT PLAN FOR EMPLOYEES
OF S.C. JOHNSON & SONS, INC., and
RETIREMENT PLAN FOR EMPLOYEES
OF JOHNSONDIVERSEY, INC.,

        Defendants.

---

ANTHONY J. DECUBELLIS,

        Plaintiff,

v.                                       Case No. 08-CV-0245

RETIREMENT PLAN FOR EMPLOYEES
OF JOHNSONDIVERSEY, INC.,

        Defendant.

## ORDER

On August 26, 2009, the plaintiffs filed an expedited motion for leave to submit surrebuttal expert reports. The plaintiffs argue that surrebuttal reports are necessary to address criticisms leveled against the reports filed by their experts on a complex issue – proper methodology for determining the appropriate interest crediting rate for projecting notional account balances to normal retirement age. However, the court finds that surrebuttals were not contemplated by the parties or the court, and will deny the motion.

The court entered an initial scheduling order in this case providing that the plaintiffs must identify experts and provide expert reports by July 2, 2009. (*See* Docket #84). The court also issued an amended scheduling order altering other deadlines for the litigation, pursuant to a stipulation between the parties. The amended scheduling order directed the defendants to identify experts and provide expert reports by August 11, 2009, allowing the defendants an extra ten days from the original deadline. (*See* Docket ##'s 103, 104). In addition, the scheduling order directed all parties to identify rebuttal experts and provide rebuttal expert reports by the same date, August 20, 2009.

Despite these scheduling orders, the plaintiffs now argue that the defendants should have included rebuttal comments in their initial expert reports, filed on August 11, 2009, instead of including these comments in their rebuttal expert reports, filed on August 20, 2009. The plaintiffs assert that they will be prejudiced if their experts, Dr. Clark Maxam and Mr. Lawrence Deutsch, are not permitted to respond to the defendants' rebuttal report with a surrebuttal report.

The plaintiffs urge the court to grant leave out of a sense of fairness. The plaintiffs argue that they graciously agreed that the defendants could depose Dr. Maxam and Mr. Deutsch prior to the filing of defendants' initial expert reports. Based on this accommodation, plaintiffs assumed that the defendants would disclose any criticism of Dr. Maxam's and Mr. Deutsch's expert reports in the defendants' initial expert reports, and not wait to disclose their challenges until the filing of the rebuttal

-2-

reports nine days later. The plaintiffs accuse the defendants of "gamesmanship" because the defendants did not include specific criticisms of Dr. Maxam's and Mr. Deutsch's expert reports in their own August 11, 2009 expert reports, despite the plaintiffs' concessions.

However, what the plaintiffs assumed does not change the language of the scheduling order. The court's order does not require filing of rebuttal expert reports until August 20, 2009. Therefore, the court does not agree that the defendants were obligated to rebut the plaintiffs' expert reports within their initial expert reports or by the initial expert report deadline. The court imposed two separate deadlines for two distinct filings.

Neither scheduling order issued by this court provides for surrebuttal reports and the parties never proposed inclusion of surrebuttal reports. The plaintiffs chose to stipulate to an additional ten days for the defendants to disclose their initial expert reports. While this action is a commendable gesture of civility in otherwise contentious litigation, it does not change the language of the court's order. The court will not now find the plaintiffs prejudiced by the fact that the defendants did not disclose criticisms of plaintiffs' expert reports before they were required to do so.

Permitting additional expert filings at this stage of the proceedings appears imprudent. The court fears that granting the plaintiffs' motion will merely lead to additional filing requests.

Accordingly,

**IT IS ORDERED** that the plaintiffs' motion for leave to submit surrebuttal expert reports (Docket #107) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of September, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge