# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL J. THOMPSON, *et al.*,

    Plaintiffs,

v.                                                                Case No. 07-CV-1047

RETIREMENT PLAN FOR EMPLOYEES
OF S.C. JOHNSON & SONS, INC., and
RETIREMENT PLAN FOR EMPLOYEES
OF JOHNSONDIVERSEY, INC.,

    Defendants.

ANTHONY J. DECUBELLIS,

    Plaintiff,

v.                                                                Case No. 08-CV-0245

RETIREMENT PLAN FOR EMPLOYEES
OF JOHNSONDIVERSEY, INC.,

    Defendant.

# ORDER

On March 26, 2010, this court issued an order addressing cross-motions for summary judgment filed by the parties. The class plaintiffs and the defendant retirement plans ("the Plans") both moved for summary judgment on claims that the Plans impermissibly backloaded pension benefits ("backloading claims") and on claims that the Plans incorrectly calculated lump sum distributions of pension benefits paid to pre-retirement age plan participants ("lump sum claims"). The lump sum claims asserted that the payments made to participants who chose to receive

their benefits as a one-time distribution prior to age 65 were incorrectly calculated because the Plans failed to properly project future interest credit earnings to age 65 and then discount them back to the present (a so-called "whipsaw" calculation). The parties also disagreed about the correct interest crediting rate to apply in calculating the value of under-payments made to the plaintiffs as a result of the Plans' failure to apply a proper whipsaw calculation.

The motions for summary judgment covered substantial ground and addressed a considerable number of issues. Two of these issues included the applicable statute of limitations and the accrual date of the lump sum claims. The court resolved the matters by determining that a six-year statute of limitations applied to the claims and that the claims accrued at the time that the lump sum distributions were made to the class members. Because the members of the SCJ Lump Sum Subclass B and the JDI Lump Sum Subclass B received their lump sum distributions more than six years prior to the filing of the relevant lawsuit, the court dismissed their claims as time-barred.

The plaintiffs now move for reconsideration of the court's determination that the lump sum claims accrued on the date the plaintiffs received their lump sum distributions. Though they do not specify a particular Federal Rule of Civil Procedure, the plaintiffs presumably bring their motion pursuant to Rule 59(e) because they cite to a previous decision by this court resolving a Rule 59(e) motion, and because they allege that the court committed a "manifest error of law." *See*

*Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008) (stating that a motion for reconsideration based on errors of law is encompassed by Rule 59(e)). Rule 59(e) allows a party to move the court to alter or amend judgment. Fed. R. Civ. P. 59(e). Alteration or amendment of a judgment under Rule 59(e) is only appropriate if the moving party can demonstrate a manifest error of law or present newly-discovered evidence. *Id*. at 494 (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007)). A manifest error of law occurs when a court disregards or misapplies controlling precedent. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

The plaintiffs do not dispute that a six-year statute of limitations applies, nor do they dispute that the claims of the Lump Sum Subclass B class members would be time-barred if the members had known that the lump sum distributions were made from "notional" accounts or had known that the Plans applied a whipsaw calculation to determine the amount of the distributions. However, the plaintiffs argue that the undisputed facts do not establish that they had this knowledge and, therefore, they did not "discover" injury until sometime after receiving lump sum payments. The plaintiffs point to the fact that the summary plan descriptions (SPD's) distributed to plan participants did not inform them that their accounts were merely "notional" or that future interest would be projected forward and then discounted back to the present in calculating lump sum distributions. On this basis, the plaintiffs conclude that they did not have the requisite knowledge of injury to start the running

-3-

of the statute of limitations and that the court made a manifest error of law because it misapprehended the amount of information the plaintiffs possessed about the manner in which their lump sum distributions were calculated at the time they received the distributions. The court disagrees that it made a manifest error of law and will deny the motion for reconsideration.

As the court noted in its original order, a plaintiff discovers her injury and her claim accrues when the pension plan communicates to her a "clear and unequivocal repudiation of rights." *Daill v. Sheet Metal Workers' Local 73 Pension Fund*, 100 F.3d 62, 66 (7th Cir. 1996). The court determined that the receipt of lump sum distributions by the plaintiffs was a clear and unequivocal repudiation of any right to additional pension benefits. At that time, the plaintiffs were aware that their lump sum distributions equaled the value of their account balance, and no more. The court thus concluded that the claims of the plaintiffs accrued on the date that each individual plaintiff received his or her lump sum payment. This determination is consistent with decisions made by several other courts finding that claims accrue at the time the plaintiff receives a lump sum distribution. *Flagg v. Skadden, Arps, Slate, Meagher & Flom Pension Plan*, No. 07 Civ. 7392, 2008 Dist. LEXIS 47613, at *9-12 (S.D.N.Y. June 17, 2008) (finding that the plaintiff's whipsaw claim accrued at the time of her lump sum distribution, despite the fact that she received the distribution prior to issuance of *Esden v. Bank of Boston*, 229 F.3d 154 (2d Cir. 2000), the first Court of Appeals decision to address whipsaw claims); *Cooley v. Southern Graphic*

*Systems Inc. Pension Plan*, No. 3:06CV-1-H, 2008 U.S. Dist. LEXIS 22730, at *3-4 (W.D. Ky. Apr. 4, 2008) (finding that the plaintiff's whipsaw claim accrued at the time she received her lump sum payment); *Fallin v. Commonwealth Industries, Inc. Cash Balance Plan*, 521 F. Supp. 2d 592, 597 (W.D. Ky. 2007) (finding that the plaintiffs' claims for pension benefits owed accrued "no later than when they received their lump-sum distributions.").

However, the plaintiffs here argue that the "discovery rule" applies and prevents the statute of limitations from being triggered on the date of the lump sum distributions. The plaintiffs assert that they could not *know* they had been *injured* at the time they received lump sum payments because the Plans "concealed" information regarding the nature of the participants' notional accounts and the application of a whipsaw calculation to their account balances. The plaintiffs base this assertion on the absence of any reference to a "notional" account or to a whipsaw calculation in the SPD's and newsletters they received from the Plans.

The SPD's and newsletters distributed to plaintiffs did not explain the concept of a notional account or inform participants that the Plans would apply a whipsaw calculation in determining lump sum distributions. Instead, the SPD's and newsletters simply stated that the account statements received by individual participants each year showed the "value of your current pension benefit account" and depicted the "exact value of your retirement," and sometimes likened the account balance to a "savings account." (Defendants' Proposed Findings Of Fact

(DFOF) ¶¶ 50, 52; Plaintiff's Proposed Findings of Fact (PFOF) ¶ 84). The SPD's also noted that any participant who chose to take his benefits as a lump sum distribution would receive the "entire value" of his account in "one payment," and that "no further pension benefit will be payable from the company." (DFOF ¶ 50, PFOF ¶ 86). The plaintiffs argue that the court "misunderstood" these facts in the court's original order and lead to the court's "manifest error of law" in finding that the plaintiffs' claims accrued at the time they received their lump sum distributions. However, the facts noted above do not render the court's conclusion that the lump sum claims accrued at the time the plaintiffs received lump sum distributions a manifest error of law.

First, the plaintiffs fail to cite any controlling precedent in their motion to reconsider that the court misapplied or disregarded. Instead, the plaintiffs merely cite to a recent decision issued by the United States District Court for the Western District of Wisconsin in a nearly-identical case, *Ruppert v. Alliant Energy Cash Balance Pension Plan*, No. 08-cv-127-bbc, 2010 WL 2264954 (W.D. Wis. June 3, 2010). In *Ruppert*, Judge Barbara Crabb concluded that the claims of the class plaintiffs did not accrue at the time they received lump sum distributions because the plaintiffs could not be held to know about their injury. *Id.* at *19. In finding that the plaintiffs did not have the requisite knowledge of injury at the time of the lump sum distributions, Judge Crabb emphasized the actions of the defendant plan in providing misleading information to the plaintiffs about the nature of their accounts and the

Case 2:07-cv-01047-JPS   Filed 06/30/10   Page 6 of 11   Document 217

calculation of their lump sum payments. *Id.* at *20 ("...the problem is not simply that participants remained ignorant for many years, it is that the defendant *kept* them ignorant by suggesting their account balance was something it was not and keeping their whipsaw calculation entirely invisible."). A subsequent decision issued by our sister court is indeed entitled to due consideration. Nevertheless, the fact that this branch of the court came to a different conclusion is not sufficient to establish a manifest error of law requiring amendment of the court's judgment.

Second, the information giving rise to the plaintiffs' claims was readily available to the plaintiffs through reasonable diligence, despite the fact that the SPD's distributed to plan participants did not explain that their accounts were hypothetical calculation tools or that a zero sum whipsaw calculation would be applied to their accounts to determine lump sum payments. The plan documents included all the requisite information underlying the current lump sum claims, which the plaintiffs themselves acknowledge. The plan documents state that a pre-normal retirement age distribution shall equal the actuarial equivalent of the terminating employee's pension at normal retirement age. (DFOF ¶ 32). The plan documents also state that the Plans project future interest using a 30-year Treasury return rate; the same rate used to discount the future interest credit back to present value. (DFOF ¶ 33). Thus, the plan documents reveal that pre-retirement benefits taken in a lump sum include projected future interest credits discounted to the present and

Case 2:07-cv-01047-JPS   Filed 06/30/10   Page 7 of 11   Document 217

disclose the particular whipsaw calculation the Plans employed in determining lump sum payments.

The plaintiffs do not dispute that the plan documents contain the relevant information, but the plaintiffs argue they cannot be held to know this information because the plan documents were never distributed to them. However, under ERISA, a pension plan is not required to provide plan documents to all participants unless a request is made. 29 U.S.C. § 1024(b)(2), (b)(4); 29 U.S.C. § 1132(c). Further, despite the plaintiffs' claim that the Plans "concealed" information regarding their accounts and the whipsaw calculation, there is no evidence that the Plans denied any requesting plaintiff access to the plan documents. In *Ruppert*, Judge Crabb compared the defendant pension plan's omission of details about the nature of participant account balances and whipsaw calculations from participant communications to the "hiding" of facts giving rise to the plaintiffs' claims in *Connors v. Hallmark & Son Coal Co.*, 935 F.2d 336 (D.C.Cir. 1991), where the defendant falsified contribution reports and failed to disclose information not otherwise obtainable through reasonable diligence. No. 08-cv-127-bbc, 2010 WL 2264954, at *20. However, this court does not believe that the distribution of SPD's including simplified (even arguably over-simplified) in this case is equivalent to the purposeful falsification of documents. Information about the nature of participant accounts or whipsaw calculations was available in the plan documents and could be obtained by

simply requesting the documents. Therefore, this court disagrees that the plaintiffs' injury could not have been discovered through "reasonable diligence."

The plaintiffs argue that they cannot be expected to request plan documents or to know the information contained therein but, rather, they should only be held responsible for knowing information directly communicated in the SPD's – information that did not advise participants that their accounts were simply calculation tools or that a whipsaw calculation would be applied to project future interest credits forward to age 65. The plaintiffs cite to *McKnight v. Southern Life and Health Ins. Co.*, 758 F.2d 15,66, 1570 (11th Cir. 1985), in support of the proposition that they may rely upon the SPD's alone. However, *McKnight* does not outline the particular information that an SPD must provide, nor does the case involve allegations that the defendant pension plan was "concealing" relevant information. Instead, the *McKnight* case states that when a plan document and plan summary conflict, a participant may reasonably rely on the plan summary to determine his pension rights. *Id.* at 1571; *Helfrich v. Carle Clinic Ass'n, P.C.*, 328 F.3d 915, 916 (7th Cir. 2003). Omission of details about the method of calculating benefits is not the same as a direct conflict between a plan summary and official plan documents. The SPD's and the plan documents in the instant case do not directly conflict. The SPD's informed participants that they could receive the "entire value" of their accounts in one payment and that the value was reflected in their account balance. (DFOF ¶¶ 50, 52, 54). Given that the Plans projected future interest credits

-9-

forward to age 65 at the same rate at which they were discounted to the present, the whipsaw calculation resulted in no additional benefits and the account balance did represent the entire value of each participant's benefits (when calculated under the illegal whipsaw calculation used by the Plans). The case does not state that "reasonable diligence" in discovering an injury excludes a request for plan documents or that omission of technical plan terms or actuarial assumptions from the SPD constitutes "hiding" which impacts the running of the statute of limitations.

Additionally, the plaintiffs argue that, even if they had received plan documents, they could not "discover" injury simply by reading the documents because plan documents are impenetrable to the average plan participant. The plaintiffs do not point to any authority stating that claims do not accrue until a plaintiff understands the import of reasonably attainable information giving notice of his injury. Further, this argument suggests that any plaintiff whose claim involves complicated and technical information may sidestep the statute of limitations until he understands that information.

The court reasserts its earlier determination that the lump sum claims of the plaintiffs accrued at the time they received lump sum payments. The payment of a lump sum distribution constituted a clear repudiation of entitlement to any additional benefits and there is no evidence showing that the Plans purposefully concealed details about the calculation of lump sum distributions from participants. To the contrary, all information giving rise to the plaintiffs' claims was available within the

-10-

Case 2:07-cv-01047-JPS   Filed 06/30/10   Page 10 of 11   Document 217

plan documents and could be obtained with reasonable diligence. A determination that the lump sum claims did not accrue until some unspecified time when participants were directly informed that a particular whipsaw calculation was applied to their lump sum payments, rather than at the time they received lump sum payments, would theoretically allow these claims to be brought decades after participants received their distributions. Such a determination undermines the policy of repose underlying statutes of limitations. *See Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, 550 U.S. 618 (2007). Further, such a finding suggests that the statute of limitations on pension calculation claims only begins to run if all value rules and actuarial assumptions that apply to each form of pension are included in the SPD itself. If this is true, plans will draft excessively detailed SPD's and the documents will lose their value as basic summaries of benefits which are comprehensible to average employees.

Accordingly,

**IT IS ORDERED** that the motion for reconsideration (Docket #204) be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 30th day of June, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge