# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL J. THOMPSON, *et al.*,

               Plaintiffs,

    v.                                          Case No. 07-CV-1047

RETIREMENT PLAN FOR EMPLOYEES
OF S.C. JOHNSON & SONS, INC., and
RETIREMENT PLAN FOR EMPLOYEES
OF JOHNSONDIVERSEY, INC.,

               Defendants.

---

ANTHONY J. DECUBELLIS,

               Plaintiff,

    v.                                          Case No. 08-CV-0245

RETIREMENT PLAN FOR EMPLOYEES
OF JOHNSONDIVERSEY, INC.,

               Defendant.

---

# ORDER

The class plaintiffs in this ERISA action have filed a motion to compel the defendant pension plans ("the Plans") to provide additional discovery that purportedly relates to the sole remaining issue in the case – the projection rate used to recalculate the value of lump sum distributions made to certain class plaintiffs who chose to receive their pension benefits as a single lump sum payment prior to normal retirement age. Specifically, the plaintiffs seek documents relating to proceedings before the IRS, plan trust returns and earnings crediting rates for 2009,

and meeting minutes for the Plans' trustees and Benefits Administration Committees for 2009 and 2010. Discovery in the case closed on September 25, 2009. However, the plaintiffs argue that the Plans have an on-going duty to supplement their earlier discovery responses by producing documents generated since the close of the discovery period.

The court is not convinced that additional discovery is either necessary or appropriate here. Discovery closed more than nine months ago and the court issued a decision on the cross-motions for summary judgment more than three months ago. The court's order on summary judgment directed the Plans to recalculate the lump sum distributions according to the requirements of the law, and to present their calculations to the plaintiffs. The court then provided both parties with the opportunity to comment on the projection rate applied by the Plans. The requested discovery appears to have little relevance to this remaining issue.

The court does not share the view that Rule 26(e)(1) automatically mandates the disclosure of all documents falling under a request for production that were created after the close of discovery. Such an interpretation creates the appearance of a general and on-going duty of supplementation throughout the entire life of an action, regardless of the procedural posture of the case or the relative significance of the discovery to a final resolution. The language of rule 26(e) does not support such a broad and continuous duty but, instead, states that a party must supplement its discovery disclosures and responses only if "the party learns that in some material

-2-

respect the disclosure or response *is incomplete or incorrect.*" (emphasis added) Fed. R. Civ. P. 26(e)(1)(A). Thus, the duty to supplement is triggered when a party later becomes aware of information or documents that undermine the accuracy or completeness of its original discovery responses. This is precisely what the court meant when it stated at the December 2008 hearing that "under the rules counsel have a continuing duty until the case is concluded to update all discovery." Rule 26(e) does not require continual review of all information in a party's possession and constant supplementation of discovery up until the moment the court enters a final judgment in the action.

Further, the cases cited by the plaintiffs to support their proposition do not state that Rule 26(e) always requires supplemental disclosures after the close of discovery. Instead, the cases require post-discovery supplementation under particular circumstances, such as when use of the previously-undisclosed discovery unfairly disadvantages or surprises the opposing party. *See Episcopo v. General Motors Corp.*, No 02 C 8675, 2004 WL 628243, at *7 (N.D. Ill. March 29, 2004) ("Although Rule 26 does not explicitly provide for supplementation of disclosures and responses after the close of discovery, we think the language of Rule 26(e)(2) is broad enough to require supplemental disclosures under certain circumstances, regardless of whether discovery has closed, and is consistent with the spirit behind the discovery rules, which is to promote a liberal discovery process 'in an effort to narrow the issues for trial and to prevent unfair surprise.'" (citation omitted)); *Liberty*

*Mut. ins. Co. v. Tokio Marine and Fire Ins. Co., Ltd.,* No. 03 C 4765, 2004 WL 2125411, at *4 (N.D. Ill. Sept. 22, 2004) (stating that information which was not disclosed as required by Rule 26(e) either before or after the end of the discovery period cannot be used as evidence on a motion unless the failure to disclose is harmless); *Simon Property Group, L.P. v. mySimon, Inc.,* No. IP 99-1195-C H/S, 2003 WL 1807135, at *1, 9 (S.D. Ind. March 26, 2003) (finding that a new trial was warranted because the plaintiffs failed to disclose documents that directly undermined their case at trial as supplemental discovery); *L. Tarango Trucking v. County of Contra Costa*, 202 F.R.D. 614, 617-18 (N.D. Cal. 2001) (ordering the reopening of trial where the defendants produced discovery only near the end of and following trial, preventing the plaintiffs from using the documents in cross-examination); *Pizza Public Co., Ltd. v. Tricon Global Restaurants, Inc.*, No. 99 Civ. 12056 BSJMHD, 2000 WL 1457010, at *1-2 (S.D.N.Y. Sept. 29, 2000) (stating that Rule 26(e) does not excuse a party from disclosing later-created documents where earlier disclosures were incomplete or incorrect in some material respect). The plaintiffs here will not be unfairly disadvantaged or surprised if they do not receive the supplemental discovery they request because the Plans do not intend to employ the subject documents and because the court is unconvinced that the documents sought are relevant or useful in evaluating the interest crediting rate applied by the Plans to recalculate the lump sum distributions given to the class plaintiffs.

Therefore, the court will not issue an eleventh hour order compelling the Plans to produce additional discovery.

Accordingly,

**IT IS ORDERED** that the plaintiffs' motion to compel documents (Docket #206) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of July, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge