UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL J. THOMPSON, et al.,

                    Plaintiffs,

v.

RETIREMENT PLAN FOR EMPLOYEES
OF S.C. JOHNSON & SON, INC., and
RETIREMENT PLAN FOR EMPLOYEES
OF JOHNSONDIVERSEY, INC.,

                    Defendants.

Case No. 07-CV-1047-JPS

**ORDER**

      On August 7, 2012, counsel for plaintiffs filed both an expedited motion to compel production of documents (Docket #317), and an expedited motion for leave to issue subpoenas duces tecum to defendants' investment consultants to obtain documents (Docket #319).

      In opposition to these post-judgment expedited discovery motions, counsel for defendants ask the Court to deny with prejudice the plaintiffs' motions for, *inter alia*, failure to comply with the Court's prior instruction that counsel must have *in-person* conferences prior to filing any further discovery motions. (Ct. Mins. 2, Dec. 22, 2008).

      Plaintiffs' counsel concedes – in footnotes to its briefs – that no *in-person* conference in respect of these motions has been held prior to their filing and this failure to meet-and-confer *in-person* contravenes the Court's prior instructions. (Docket #317, 2; Docket #319, 2). Plaintiffs' counsel attributes its failure to follow the Court's instructions in this regard to "time constraints involved" (ostensibly a reference to plaintiffs' assertion that "a notice of appeal will be untimely if not filed by August 30") and a recent vacation of Ms. Maisa, one of defendants' counsel (implying that plaintiffs'

counsel believed Ms. Maisa would be out-of-pocket during her vacation). (Docket #317, 1-2; Docket #319, 2).

The Court appreciates that, under certain circumstances, meeting-and-conferring *in-person* could prove logistically challenging given that counsel in this case appear to work in geographically-diverse locales, however defendants' counsel state that "plaintiffs' counsel did not contact counsel for either defendant even to discuss the possibility of such an in-person meeting". (Docket #321, 1). This alone provides the Court a sufficient basis to deny these motions. Moreover, defendants' counsel state that "plaintiff's counsel never indicated, either prior to or during [the parties' July 27 teleconference], that plaintiffs intended to seek relief of any kind from the Court, much less that they intended to file a motion to compel". (*Id.*). In addition, Ms. Maisa declares that she checked her voicemail and e-mail "several times each day of [her] vacation" and "[a]t no time prior to filing the pending motions did plaintiffs' counsel contact [her] or any counsel of record for either defendant to ask to schedule an in-person discovery dispute conference . . . ." (*Id.*).

Even assuming, *arguendo*, that plaintiffs' counsel earnestly believed that Ms. Maisa's vacation would mean she would be completely out-of-pocket, plaintiffs' counsel ostensibly made no attempt to contact any of defendants' co-counsel (or an associate or partner of Ms. Maisa) to explicitly request an in-person meet-and-confer conference prior to filing the motions before the Court. At a bare minimum, the spirit of the Court's instruction to the parties regarding discovery disputes in this case required plaintiffs' counsel to actually meet-and-confer with counsel for the defendants (by teleconference if truly exigent circumstances arise) to discuss *explicitly* plaintiffs' intention to file the motions before the court.

Because plaintiffs' counsel ignored the Court's instruction that counsel must meet-and-confer in-person prior to filing any discovery motions and did so without even explicitly requesting an in-person conference with any of defendants' counsel or (at least) explicitly discussing plaintiffs' intention to file the post-judgment discovery motions before the Court, the Court will deny plaintiffs' motions without prejudice and sanction plaintiffs' counsel in an amount equal to the attorneys' fees incurred by defendants in responding to these two premature discovery motions by plaintiffs' counsel.

The Court observes that the parties are back before the Court immediately following the Court's July 31, 2012 Order denying cross motions to alter judgment (which stated clearly that determination and application of the proper interest crediting rate remains best left to counsel and their respective clients) and queries whether the discovery sought would in fact bring the parties closer to determining and applying an interest crediting rate.

Accordingly,

**IT IS ORDERED** that plaintiffs' "Expedited Motion to Compel Production of Documents" (Docket #317) be and the same is hereby **DENIED without prejudice**;

**IT IS FURTHER ORDERED** that plaintiffs' "Expedited Motion for Leave to Issue Subpoenas Duces Tecum to Defendants' Investment Consultants to Obtain Documents" (Docket #319) be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that plaintiffs' counsel shall pay a sanction to defendants in an amount equal to the attorneys' fees incurred by defendants in responding to the motions denied by this Order.

Dated at Milwaukee, Wisconsin, this 16th day of August, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge