UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL J. THOMPSON, et al.,

                    Plaintiffs,

v.

RETIREMENT PLAN FOR EMPLOYEES
OF JOHNSONDIVERSEY, INC.,

                    Defendant.

Case No. 07-CV-1047-JPS

ORDER

On October 8, 2014, this Court entered an order that, *inter alia*, granted preliminary approval of the Settlement as to the Retirement Plan for Employees of JohnsonDiversey, Inc., and approved the form and manner of the Mailed Notice and Publication Notice (the "Preliminary Approval Order") to be provided to the Class. (*See* Docket #350).

On January 13, 2015, the Court held a Fairness Hearing (the "Fairness Hearing"), for which the Class had been given appropriate notice. A full and fair opportunity to be heard was given to all persons who requested to be heard in accordance with the Preliminary Approval Order, the Mailed Notice, and the Publication Notice. Having considered the Parties' moving papers, the Settlement Agreement ("Agreement"), and all other evidence concerning the Motion for Final Approval of the Settlement, and this Court having been duly advised in the premises,

IT IS HEREBY ORDERED AND ADJUDGED:

1. The Court has jurisdiction over the subject matter of this Litigation, the Named Plaintiffs, the Class Members, and the Plan pursuant to 29 U.S.C. § 1132(e).

2. The Agreement, together with all of its exhibits (as filed with the Court (*see* Docket #342-3)), is incorporated in this Order, and to the extent not otherwise defined herein, all capitalized words, terms and phrases used in this Order shall have the same meaning as used in the Agreement. The terms of the Agreement, including all exhibits to the Agreement, shall be forever binding on the Class Members.

3. In the Court's Preliminary Approval Order (Docket #350, ¶ 3), the Court previously certified the Class as a non-opt-out class action pursuant to Fed. R. Civ. P. 23(b)(2) consisting of, as described in the Agreement:

> All persons (i) for whom the Retirement Plan for Employees of JohnsonDiversey, Inc., maintained a notional account prior to January 1, 2004, and who became vested in their Plan benefit, who received a lump sum distribution equal to the amount of their notional account balance or the present value of their grandfathered benefit between March 13, 2002, and August 17, 2006; and the beneficiaries and estates of such persons and alternate payees under a Qualified Domestic Relations Order, and (ii) who are listed on the Attachment A (the "Spreadsheet") identified by the unique personal identification number assigned by the Plan.

4. The Court determines that the Mailed Notice and Publication Notice (collectively, the "Notices"), that were provided to the Class Members as required by the Preliminary Approval Order (Docket #350, ¶ 7), constituted the best notice practicable under the circumstances and provided adequate notice to all Class Members. The Notices complied with Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process clause). The Notices were calculated under the facts of this Litigation to apprise Class Members of the proposed Settlement

and of their right to object to and be heard regarding the Settlement and the application for Class Counsel's attorneys' fees, costs and expenses, Named Plaintiffs' Incentive Awards, and Settlement Administration Costs.

5. The form and manner of the CAFA Notice provided by the Plan pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), (Docket #342-3, Ex. 6), fully complied with CAFA.

6. In response to the Notices, no Class Member submitted an objection to the Settlement. Moreover, no objections were presented at the Fairness Hearing.

7. After considering: (i) whether the Agreement was a product of fraud or collusion; (ii) the complexity, expense, and likely duration of the Litigation; (iii) the stage of the proceedings and discovery conducted; (iv) the possible range of recovery and the difficulties of calculating damages; and (v) the respective opinions of the Named Plaintiffs, Class Counsel, the Plan, and Plan Counsel, the Court finally approves the Agreement including, but not limited to, the Plan of Allocation, in all respects as fair, reasonable, adequate, and in the best interests of the Class Members pursuant to Fed. R. Civ. P. 23(e). No Class Member may opt-out of the Settlement.

8. The Court finds that the requested Settlement Administration Costs in the amount of $21,519.39 is reasonable to carry out the terms of the Agreement, and the Court approves payment of these Settlement Administration Costs out of the Total Settlement Amount pursuant to the terms of the Agreement.

9. Class Counsel, previously appointed by this Court pursuant to Fed. R. Civ. P. 23(g), has sought an award of attorney's fees, exclusive of costs and expenses, in an amount not to exceed 33.3% of the Total Settlement

Amount, *i.e.*, $3,413,250.00, and costs and expenses (aside from ¶ 8 Settlement Administration Costs) in the amount of $343,303.55. Based on the evidence presented by Class Counsel and the entire record herein, the Court finds that attorney's fees of 33.3% of the Total Settlement Amount, *i.e.*, $3,413,250.00, and $364,822.96 in total costs and expenses to be fair and reasonable compensation and reimbursement in light of: the result obtained for the Class; the risk of non-recovery or a greatly reduced recovery Class Members faces; the quality of Class Counsel's representation; the complexity of the litigation and novelty of some of the issues presented; the skill and experience of opposing counsel; the significant time and resources expended in prosecuting this action; and the fact that the percentage-of-the-fund award requested is within the range of awards granted in similar cases in this district and this Circuit. The costs and expenses incurred are also reasonable for a case of this complexity, scope and duration. Such attorneys' fees, costs and expenses shall be paid exclusively out of the Total Settlement Amount pursuant to the terms of the Agreement.

10. Named Plaintiffs, David Thompson, Robert Ault, Anthony DeCubellis and Terry Conlon, each are awarded Named Plaintiffs' Incentive Awards of $5,000.00 to be paid exclusively out of the Total Settlement Amount pursuant to the terms of the Agreement. Based on the representations and submission by Named Plaintiffs' counsel, the Court finds that the prospect of such awards were reasonably necessary to encourage Plaintiffs to serve, are deserved and are within the range of previous awards of this kind.

11. The Released Claims, as defined in the Agreement, are released and discharged as of the Effective Date of the Settlement. Further, Releasors

are enjoined and barred from commencing or prosecuting, either directly or indirectly, any action in any other court concerning or relating to any of the Released Claims against any Released Party directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located.

12. The Court recognizes that the Plan has denied and continues to deny Named Plaintiffs' and Class Members' claims. Neither the Agreement, this Order, the Preliminary Approval Order, drafts of such orders, any papers related to the Settlement, nor the fact of Settlement shall be used as a finding or conclusion of the Court, or an admission of the Plan, or any other person, of any fault, omission, mistake, or liability, nor as evidence of Named Plaintiffs' lack of conviction in the validity or strength of their claims, and shall not be offered as evidence of any claimed liability in this or any other proceeding. Evidence of the Agreement and the orders of this Court approving the same shall be admissible only in proceedings to enforce the Agreement or this Order, but not as an admission of liability in the underlying Litigation. The Final Order and Judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Litigation.

13. Except as otherwise provided in the Agreement and in this Final Order and Judgment, Named Plaintiffs and Class Members shall take nothing in this Litigation, and the Court hereby dismisses the claims of Named Plaintiffs and Class Members against the Plan with prejudice and without costs.

14. Without affecting the finality of this Final Order and Judgment, the Court retains jurisdiction to implement, interpret, or enforce this Final Order and Judgment, the Preliminary Approval Order, and the Agreement.

15. In the event that the Settlement does not become final in accordance with the terms of the Agreement, then this Final Order and Judgment shall be rendered null and void and shall be vacated *nunc pro tunc* and the Litigation shall proceed, in those circumstances, as described in the Agreement.

Accordingly,

IT IS ORDERED that Plaintiffs' motion for final approval of class action settlement as to the Retirement Plan for Employees of JohnsonDiversey, Inc. (Docket #353) be and the same is hereby GRANTED, and shall be executed as set forth herein.

Dated at Milwaukee, Wisconsin, this 13th day of January, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge